CATHERINE E. BREWER v. E. L. WARNER ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued April 30, 1889—Affirmed at Bar.

The purchaser of goods sold and delivered will not be relieved from liability because another person has made himself responsible therefor, unless the goods were sold and delivered under an agreement that the purchaser should not be liable.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 103 January Term 1889, Sup. Ct.; court below, No. 140 September Term 1886, C. P.

On July 16, 1886, E. L. Warner and W. S. Warner, trading as Warner Brothers, brought assumpsit against " Catherine Elizabeth Lowry, now intermarried with Eben Brewer, and Eben Brewer, her husband," to recover for goods sold and delivered to Mrs. Lowry.  The defendant pleaded, non-assumpsit.

At the trial on September 21, 1888, the testimony was to the effect that in the year 1880, Mrs. Lowry, then the divorced wife of one Lowry, was living with her children in the family of her father, Milton Courtright.  Goods were sold by the plaintiffs to the members of Mr. Courtright's family including Mrs. Lowry, and were charged in separate accounts to the person purchasing.  These accounts were all paid by Mr. Courtright.  Mrs. Lowry continued to live with her father until December 7, 1882, when she married Eben Brewer.  At this time there was an account with the plaintiffs charged against her amounting to $783.33.  Shortly after the marriage, Mr. Courtright called upon the plaintiffs, and said to them that he was going out of town on a business journey, that it was not convenient then to pay the bill. but that he would pay it on his return.  During his absence, Mr. Courtright died.

The court. GUNNISON. P. J., charged the jury as follows :
The fact of the purchase of these goods by Mrs. Brewer,

formerly Mrs. Lowry, from the plaintiffs, is not disputed, and
there is no dispute about the correctness of the bill, or that she
personally bought the goods, and that they were delivered to
her ; and there is no dispute that the bill has not been paid.
If there were nothing else in the case but these facts, it would
be the end of the case, and the verdict, of course, would be for
the plaintiffs, because, when one buys goods and they are de-
livered to her, although there is no promise to pay, the law
implies a promise that the purchaser will pay what they are
worth.   Unless the defendant, Mrs. Brewer, has shown some
reason which will discharge her from this liability to pay for
the goods, your verdict must be for the plaintiffs.   Has she
shown anything that satisfies you that she was to be discharged
from any liability for paying for the goods that she purchased?

It is claimed by her that in the latter part of 1879, or the
early part of 1880, Mr. Courtright went to the store of the
plaintiffs and paid up the bill that was standing on the books
against him, which included articles sold to Mrs. Courtright
and Alice Courtright, and also paid a bill that was then standing
against Mrs. Brewer ; that he then directed the plaintiffs to
separate the bills and charge the articles purchased by the dif-
ferent members of the family to the one purchasing them.
There is a little conflict in the testimony, as to what he said
further, the defendant claiming that he then said he would pay
the bills, and the evidence given by Mr. Warner before the
arbitrator being perhaps to that effect, but he now testifying
to you that Mr. Courtright said that from that time he would
give the members of his family an allowance, and that they
would pay the bills from their allowances. [Now, the . fact
that he gave this direction and agreed himself to pay for the
bills, would not relieve Mrs. Lowry of the payment of the
bills purchased by her, unless it was further agreed that she
should be relieved;] ³ that the goods should be sold to her,
but charged to Mr. Courtright, and that she would not be
looked to for the payment.   It would require an agreement to
that extent in order to relieve her now.   That is what she
testifies Mr. Warner said was the agreement, and it is entirely
a question for you to determine where the truth lies in this.
[The fact that Mr. Courtright made himself liable for the
goods would not discharge Mrs. Brewer, unless it was agreed

before the goods were purchased that Mrs. Lowry was not to be responsible for them.    There may be two persons responsible for the same bill, and the fact that Mr. Courtright was responsible would not relieve Mrs. Lowry, unless there was an agreement to that effect.] [3]    It has been shown in the testimony that the bill was presented to Mr. Courtright shortly before his death, upon which this action is brought, and that he said it was not convenient for him to pay it then, but when he came back from a trip that he was about to make he would pay it.    That promise to pay when he came back would not relieve the defendant, nor would it make Mr. Courtright responsible, unless he had agreed before to pay it.    This promise having been made after the purchase, it is only evidence for you to consider, in corroboration of the theory advanced by the defendant, that the agreement was that Mrs. Lowry should not be called upon to pay.

[The simple question for you to decide is, whether there was any agreement to relieve Mrs. Lowry from the payment of this bill, before the bill was contracted or at the time it was contracted.    An agreement of that kind afterwards would not be valid.    If there was such an agreement before the contracting of that bill, or at the time it was contracted—that Mrs. Lowry should not be responsible for it—your verdict should be for the defendant.   If there was no such agreement at or before the incurring of the indebtedness, your verdict should be for the plaintiffs for the amount of goods purchased and interest, I presume, from the last day.] [3]

The plaintiffs will present to you a statement of their claim, which, of course, you are not bound to take as true.    You must take the bill itself as sworn to, and make your own statement, but for the purpose of assisting you he will present the claim.

The counsel for the plaintiffs has asked the court to charge that if you find that the goods in question were sold and delivered to Mrs. Brewer, and used by her and her family, and at the time of such sale they were charged to her by the plaintiffs and have not been paid for, the plaintiffs are entitled to recover.

Answer : The general rule is as stated in this point.    The plaintiffs are entitled to recover unless the jury find from the evidence that the goods sold were sold under an agreement by

the plaintiffs that they should be paid for by Mr. Courtright, and that Mrs. Brewer should not be held liable for them.[1]

Counsel for the defendant has submitted this point :

The court is requested to charge the jury that if they believe from the evidence that Mrs. Lowry and her children, at the time the goods were sold, were members of the family of Mr. Courtright, and that the plaintiffs, Warner Brothers, were directed by Mr. Courtright to charge the goods in the name of Mrs. Lowry, but that he would pay for them, the account should be paid by the estate of Milton Courtright, and is not a legal claim against Mrs. Brewer, and therefore the verdict should be for the defendant.

Answer: The answer to this point is practically contained in the answer to the point made by the plaintiffs; that is, that Mrs. Brewer is liable for the amount of this bill unless she has proven to you that there was an agreement made by the plaintiffs, at or before the time of the purchase, that she should not be liable.[2]


The jury returned a verdict for the plaintiffs for $1,055.15. Judgment having been entered, the defendants took this writ, assigning as error :

1. The answer to the plaintiffs' point.[1]

2. The answer to the defendant's point.[2]

3. The parts of the general charge in [ ][3]


Mr. *G. A. Allen* (with him Mr. *Louis Rosenzweig*), for the plaintiffs in error.


Mr. *E. L. Whittlesey*, for the defendant in error.


PER CURIAM :
On the argument at Bar,

Judgment affirmed.